```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                             AT SEATTLE
```

| ARTUR ROJSZA, | CASE NO. C12-1149 MJP |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| CITY OF FERNDALE, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant John Belanger's motion to dismiss (Dkt. No. 14). Having considered the motion, the response (Dkt. No. 20) and the reply (Dkt. No. 23) this Court GRANTS the motion and DISMISSES the state claims without leave to amend for failure to respond, and DISMISSES the §1983 claim with leave to amend.

**Background**

Plaintiff Artur Rojsza is a resident of Whatcom County, Washington. (Dkt. No. 1 at 2.) On July 11, 2009, he was shopping at a supermarket in Ferndale with his friend Angel Darling. (Id. at 6.) John Belanger is a Washington State Patrol Trooper who was off duty on the evening

ORDER GRANTING MOTION TO DISMISS- 1

of July 11, 2009. (Id. at 6.) He was waiting outside while his wife Martha and their daughter were in the supermarket that evening. During this shopping trip, Plaintiff had an "incidental" conversation with Martha Belanger and her teenage daughter in the check-out line, during which Plaintiff's thick Polish accent became apparent. (Id.) Plaintiff alleges that no inappropriate physical contact took place during this conversation, but when Martha and her daughter came out of the store, Belanger was informed that Plaintiff was "hitting on" his daughter, and possibly that Plaintiff smelled like alcohol. (Id. at 6-7, Dkt. No 14 at 6.)

After Plaintiff, Mr. Darling, and Belanger's wife and daughter left the store, Belanger called 911 to report the vehicle, driven by Mr. Darling, as being driven by a possible drunk driver. (Id. at 6.) It is unclear from the complaint whether Plaintiff alleges Belanger identified himself as an off-duty officer to the 911 operator. Belanger followed Plaintiff's car and guided police by phone to the stop at a shopping center. (Id. at 7.) Plaintiff claims in talking to the officers, Belanger changed his story from accusing the driver of being drunk to accusing Plaintiff of "hitting on" his 14 year-old daughter. (Id.) On these allegations Defendant Officers Winslow and Cain arrested Plaintiff and took him into custody. (Id.) Plaintiff was taken to jail and processed before he was released with a citation to appear for the charge of assault. (Id.)

When the investigating officers interviewed the alleged victim's mother, she informed police that there was no sexual contact between Plaintiff and her daughter. (Id. at 8.) The police did not interview the check-out clerk who witnessed the incident. (Id.) Plaintiff claims that throughout the criminal case, much of the discussion by Police and the Belangers "involved the fact that Plaintiff had an accent and acted differently than them," rather than the alleged criminal activity. (Id.)

## Discussion/Analysis

A. Standard

Defendant's motion is being reviewed pursuant to Fed. R. Civ. P. 12(c), despite the fact that it is labeled as a 12(b)(6) motion, following this Court's previous order. (Dkt. No. 17 at 1.) "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 978-79 (9th Cir. 1999). The court applies the same standard on a motion for judgment on the pleadings as a 12(b)(6) motion. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The court must assess whether a complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This entails "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Instead, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court may also "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court will not, as Defendant suggests, take judicial notice of the police report. Although administrative reports are usually the proper subject of

1 judicial notice, the Ninth Circuit stated that courts should not take judicial notice of police
2 reports. United States v. Ritchie, 342 F.3d 903, 909 (2003).

B. §1983 Claims

Plaintiff does not, on the facts alleged, state a plausible claim that Belanger acted under color of law and cannot support a §1983 claim. "The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." McDade v. West, 233 F.3d 1135, 1139 (9th Cir. 2000). To be held liable under §1983 a person must act under "color of law," meaning under "pretense" of law. Screws v. United States, 325 U.S. 91, 111 (1945). A police officer's actions are under pretense of law only if they are in some way related to the performance of official duties, and not the pursuit of individual goals, unless in the pursuit of individual goals the officer "purports or pretends" to be acting as a police officer. Huffman v. County of Los Angeles, 147 F.3d 1054, 1058 (9th Cir. 1998).

Whether a police officer is off duty does not resolve the question of whether he or she acted under color of state law. Layne v. Sampley, 627 F.2d, 12,13 (6th Cir. 1980). The inquiry is whether Plaintiff has created a triable issue of fact concerning whether the off-duty officer's actions were in some way related to performance of a police duty. Gibson v. Chicago, 910 F.2d 1510, 1517 (7th Cir. 1990). Factors considered in other §1983 cases involving off-duty officers include whether the officer identified themselves as an officer during the interaction, whether the officer was in uniform or showed a badge, and whether the officer gave commands. Huffman, 147 F.3d at 1058.

Viewing the facts in the light most favorable to the Plaintiff, there may be a plausible claim that Belanger's actions occurred under color of law. The analysis turns on the extent to which Belanger identified himself as a state officer to the 911 dispatcher and Ferndale police officers, and interacted with them as an officer pursuing and apprehending a suspect. (Dkt. No.

20 at 2.) Plaintiff does not clearly state how Belanger identified himself to and interacted with these individuals. In his statement of facts, Plaintiff claims that Belanger is "a self-described off-duty Washington State Patrol Trooper" and that he called the police and reported to the 911 operator that he was observing a possible intoxicated driver. (Dkt. No. 1 at 6.) He alleges that Belanger "identif[ied] himself and act[ed] as a law enforcement officer," but there are no supporting facts or allegations for these blanket statements to rest on. (Dkt. No. 1 at 12.) Plaintiff omits whether Belanger identified himself as an officer to the 911 operator, to Plaintiff, or to the Ferndale officers. Plaintiff does not allege Belanger used any particular law enforcement connections, or asserted official authority in any way during the encounter with Plaintiff. He does not allege that Belanger played any part in the encounter other than calling 911 and giving responding police a statement. Without a clear presentation of facts regarding how Belanger identified himself, who he identified himself to, and how he used his authority as an officer, the allegations are too vague and attenuated to create a plausible argument that Belanger acted under color of law by virtue of his status as an off-duty officer.

    Because the §1983 claim against Belanger based on his status as a state officer fails, the §1983 claim fails as a whole. A private person can be liable under §1983 as acting under color of state law if he or she is a "willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). However, reporting suspected criminal activity to police does not convert a private party into a state actor. Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989). Belanger reported a suspected crime to officials. This is not entanglement with state authorities sufficient to bring Belanger under §1983. The claim is DISMISSED with leave to amend.

C. Qualified Immunity

Even if Belanger acted under color of law to support a §1983 claim, qualified immunity shields him from suit based on the facts as pled. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2047, 2028 (2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity is defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff] or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. . . ." Harlow, 457 U.S. at 815.

Plaintiff does not allege facts that amount to a violation of a clearly established constitutional right. His broad claim is that Belanger used the authority inherent in his position as a state officer to make false statements to a 911 officer and other officers to achieve Plaintiff's wrongful detention, arrest and prosecution. (Dkt. No 20 at 14.) Plaintiff does not assert that Belanger participated in the arrest or detention of Plaintiff; these were separate discretionary acts taken by Ferndale officers. The facts alleged do not support the blanket allegation that Belanger knowingly made false statements, but rather that he reported a perceived version of events to the Ferndale officers and the 911 operator. For example, Plaintiff does not allege Belanger had no reason to believe Darling was intoxicated when he called 911, or that he knew no assault had taken place when he reported his version of events to responding officers. There is no clearly established constitutional right protecting individuals from state officers reporting suspected crimes to other state officers when they only have questionable knowledge of the truth of their allegations. The §1983 claim is DISMISSED with leave to amend.

ORDER GRANTING MOTION TO DISMISS- 6

D.  <u>Negligence Claim and Intentional Infliction of Emotional Distress Claim</u>

Plaintiff has failed to respond to Defendant's motion to dismiss on the claims of negligence and intentional infliction of emotional distress. Because Plaintiff has failed to respond, the allegations on these claims in the motion to dismiss are deemed admitted pursuant to CR 7(b)(2). These claims are DISMISSED without leave to amend.

## Conclusion

Without sufficient facts to demonstrate that Belanger acted under color of law and violated a clearly established constitutional right, the §1983 claim must be dismissed. Plaintiff has leave to amend on this claim. The negligence and emotional distress claims are dismissed without leave to amend for failure to respond.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 29th day of November, 2012.

_____
Marsha J. Pechman
Chief United States District Judge