UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTUR ROJSZA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FERNDALE, et al.,<br><br>Defendants. | CASE NO. C12-1149 MJP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for partial summary judgment. (Dkt. No. 42.) The Court previously granted in favor of Defendants a separate motion for partial summary judgment (Dkt. No. 43) and this motion addresses the remainder of Plaintiff's claims. Plaintiff did not submit a response to the motion. The Court considered the motion, the Complaint and all related documents and GRANTS the motion in favor of Defendants. With this motion granted, summary judgment has been entered in favor of Defendants on all claims in this case.

**Background**

Plaintiff Artur Rojsza is a resident of Whatcom County, Washington. (Dkt. No. 1 at 2.) On July 11, 2009, he was shopping at a supermarket in Ferndale with his friend Angel Darling. (Id. at 6.) John Belanger is a Washington State Patrol Trooper who was off duty on the evening of July 11, 2009. (Id. at 6.) He was waiting outside while his wife Martha and their daughter were in the supermarket that evening. During this shopping trip, Plaintiff had an "incidental" conversation with Martha Belanger and her teenage daughter ("H.B.") in the check-out line, during which Plaintiff's thick Polish accent became apparent. (Id.) Plaintiff alleges that no inappropriate physical contact took place during this conversation, but when Martha and her daughter came out of the store, Belanger was informed that Plaintiff was "hitting on" his daughter, and possibly that Plaintiff smelled like alcohol. (Id. at 6-7.)

After Plaintiff, Mr. Darling, and Belanger's wife and daughter left the store, Belanger called 911 to report the vehicle Rojsza entered, driven by Mr. Darling, as being driven by a possible drunk driver. (Id. at 6.) Belanger followed Plaintiff's car and guided police by phone to the stop at a shopping center. (Id. at 7.) Plaintiff claims in talking to the officers, Belanger changed his story from accusing the driver of being drunk to accusing Plaintiff of "hitting on" his 14 year-old daughter. (Id.) According to the Detail Incident Report drafted by Officer Cain, Officers Cain and Winslow were told upon arrival at the scene by Belanger he had phoned 911 because his 14 year-old daughter had been assaulted. (Dkt. No. 34-1 at 3.) According to this report, Belanger also stated he could smell the odor of intoxicants on Rojsza's breath and noticed he was carrying a pack of beer. (Id.)

On these allegations Defendant Officer Winslow arrested Plaintiff and took him into custody. (Id.) While Officer Winslow had Rojsza in custody, Officer Cain contacted H.B. and

her mother and asked for a written statement from H.B. which she agreed to give. (Dkt. No. 34-1 at 3.) Officer Cain noted H.B. "appeared wide eyed and trembling." (Id.) Officer Cain says in his report he contacted Officer Winslow and asked him to drive to Cain's location with Rojsza in the car in order for H.B. to identify Rojsza. (Id.) When Officer Winslow parked in front of Officer Cain and H.B., Officer Cain reports H.B. started crying and "put her face into her mother's shoulder saying that she could not look at Rojsza again." (Id.) Plaintiff was taken to Whatcom County Jail and processed before he was released with a citation to appear for the charge of assault with sexual motivation. (Dkt. No. 1 at 7.)

Rojsza was acquitted in the criminal case against him. (Dkt. No. 1 at 8.) Rojsza brought this complaint in July of 2012 pursuant to 42 U.S.C. §1983 for violations of his Fourth, Fifth and Fourteenth Amendment rights, including violations of due process, interference with Plaintiff's zone of privacy, equal protection violations, unreasonable seizure/unreasonable and excessive force by police, false arrest and false imprisonment, and malicious prosecution. (Dkt. No. 1 at 11.) Plaintiff also brought §1983 claims against the City of Ferndale, alleging failure to properly train, supervise, and discipline the individuals involved in the incident described above. (Id. at 13.) Finally, Plaintiff brought claims for intentional infliction of emotional distress and negligence. (Id. at 14-15.)   Defendants were granted summary judgment in a previous order on Plaintiff's claims for false arrest, excessive force, malicious prosecution, claims against the City, intentional infliction of emotional distress, and negligence. (Dkt. No. 43.) In the prior summary judgment order, the Court made a finding that the police officer Defendants acted with probable cause in the arrest of Rojsza. (Id. at 6.) That finding is law of the case and applies to the present motion for summary judgment.

The remaining claims addressed in the motion for summary judgment at issue here are: (1) due process violations; (2) equal protection violations; and (3) zone of privacy violations. Defendants also re-address the allegations against the City, specifically "ratification" and "failure to train," but because the Court already ruled in Defendants' favor on these issues they are not readdressed here.

**Analysis**

I. Standard on Summary Judgment

Summary judgment is warranted if no material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). If the moving party makes this showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing there is a genuine issue for trial. Id. at 324.

II. Due Process

The Fourteenth Amendment protects individuals from deprivations of property or liberty without due process of law. Roley v. Pierce County Fire Protection Dist. No. 4., 869 F.2d 490,

494 (9th Cir. 1989). Procedural due process requires an opportunity to be heard in a meaningful time and manner. Id. Substantive due process prevents the government from engaging in conduct that shocks the conscience or is offensive to the point that it violates traditional notions of fair play and decency. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). On the facts as alleged, Plaintiff does not have a due process claim. This Court already found Rojsza's arrest was proper and supported by probable cause, and the arresting officers acted appropriately under the circumstances. (Dkt. No. 43 at 6.) Plaintiff fails to allege facts suggesting he did not have a full and fair opportunity to be heard. There are no facts alleged that support a due process claim, and summary judgment on this issue is GRANTED in favor of Defendants.

III. Equal Protection

To state a claim the equal protection clause of the Fourteenth Amendment, a plaintiff must show defendants took action with the intent to discriminate against him based upon his membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Rojsza has not made an equal protection claim. The only reference Rojsza makes to his membership in a protected class is the comment that he believes he was targeted because of his accent and foreign birth due to the "repeated citing of his accent and other descriptions of him . . ." (Dkt. No. 1 at 9.) The facts as alleged, however, do not support Rojsza's belief. Plaintiff fails to discuss any particular reference by Defendants to Plaintiff's accent or foreign birth, or make any connection between such references and discriminatory intent. As discussed above, this Court already found Rojsza's arrest was supported by probable cause. Rojsza's conclusory belief that his national origin was a factor is not enough to support an equal protection claim. Summary judgment on this claim is GRANTED in favor of Defendants.

IV. Zone of Privacy

While there is no right to privacy discussed in the Constitution, the United States Supreme Court has recognized that zones of privacy may be created by specific constitutional guarantees that impose limits on governmental power. Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985). Guarantees to personal privacy have been limited to personal decision-making related to certain matters, "such as marriage, procreation, contraception, abortion, family relationships, child rearing and education." Id. at 495. It is unclear from the Complaint how Plaintiff believes his zone of privacy was violated, but it is clear that the facts as alleged there is no support for a zone of privacy claim. Summary judgment on this claim is GRANTED in favor of Defendants.

**Conclusion**

Plaintiff has failed to allege facts to support any of his claims. This Court already granted summary judgment in favor of Defendants on the majority of Plaintiff's claims, and now GRANTS summary judgment in favor of Defendants on the remainder of Plaintiff's claims.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 5th day of November, 2013.

Marsha J. Pechman
Chief United States District Judge